Dale Carter Shackelford
#64613 / ISCC / Unit F
P.O. Box 70010
Boise, ID  83707

U.S. COURTS
JUN 1 2 2017
Rcvd____Filed____Time____
ELIZABETH A. SMITH
CLERK, DISTRICT OF IDAHO

PETITIONER, pro se

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DALE CARTER SHACKELFORD, ) | |
| Petitioner, ) | Case No. 1:15-cv-00020-EJL |
| ) | |
| v. ) | PETITIONER'S NOTICE OF RELEVANT |
| ) | RECORD POSSESSION AND REQUEST |
| ) | FOR ADDITIONAL RECORDS. |
| WARDEN RANDY BLADES ) | |
| Respondent. ) | |

COMES NOW THE PETITIONER, pro se, pursuant to this Court's ORDER (Dkt. 24) and gives Notice indicating which records listed within the RESPONDENT'S NOTICE OF LODGING STATE COURT RECORDS (Notice of Lodging) (Dkt. 14) that Petitioner has in his possession, and identifies any additional records which exist which are relevant to a determination of claims in the petition or any preliminary procedural issue (ORDER, pg. 2, ¶1).

A). DOCUMENTS IDENTIFIED IN RESPONDENT'S NOTICE OF LODGING WHICH ARE **NOT** IN POSSESSION OF PETITIONER.

---

1). Respondent's entry §A (1 - 15 inclusive). Petitioner would note that the documents identified in this section (A) appear to be pre-trial, trial or post-trial transcripts constituting nearly seven thousand (7,000) pages. Pursuant to Idaho Department of Correction (IDOC) Standard Operating Procedures (SOP) 405.02.01.001 (v.5) and 320.02.01.001, Petitioner was required to remove these documents from the [prison] facility (see paragraph C **infra**).

2). Respondent's entry §B (1 - 24 inclusive). Respondent's Notice of Lodging identifies these documents as State Post-Conviction Records in SHACKELFORD v. STATE, No. SP 01-00366. To the extent these documents are in fact records filed in Latah County Case No. CV-2001-04272 (sometimes inexplicably identified as SP-01-0366), Petitioner **DOES** have a copy of these records as listed.

3). Respondent's entry §C (11).

B). Unless specifically cited / listed in section A above, Petitioner currently has possession of, or reasonable access to the records listed in the Respondent's Notice of Lodging (Dkt. 14), subject to confiscation of same by prison officials.

C). Notwithstanding section B above, IDOC SOP 320.02.01.001 (v.10) (Inmate Property) limits Idaho prisoners to [less than] three (3) cubic feet of

in-cell legal materials. "Excess" legal materials (more than 3 cubic feet) must either be sent out of the facility, or otherwise disposed of (**id** at pg. 3, ¶3 - Appendix A thereto). Some "excess" legal materials may be stored with the facility paralegal, however, the stored materials must consist solely of "active" litigation (405.02.01.001 at ¶16). Case law and related research materials may not be stored (**ibid**).

Petitioner states that he currently has two (2) "active" cases pending at this time - this [instant] Petition for Writ of Habeas Corpus, and a civil rights action in Ada County Case No. CV-OC-16-05583 (SHACKELFORD v. McKAY, et al.), and the documents and research directly related to these two (2) cases more than consumes this space limitation of three (3) cubic feet. Further, Idaho Rules of Civil Procedure (IRCP) requires many of the (Discovery) documents generated in a state case (including Shackelford's pending Civil Rights action) to be maintained for no less than one (1) year AFTER the final disposition of the action (e.g., IRCP 33(a)(4), 34(b)(3), 36(c)(1)).

Because materials currently possessed regarding Latah County Case numbers CR-2000-0260, CV-2001-04272, SP-01-0366 and CV-2013-1408 are no longer "active" litigation as defined by IDOC SOP 405.02.01.001, they can not be stored as excess legal materials, and must be removed from the facility, or otherwise disposed of in accordance with SOP 320.02.01.001. Petitioner is currently under orders to dispose of more documents than are listed within the Respondent's Notice of Lodging, and expects confiscation of many of the documents listed at any moment. Even were, as this Court has ordered,

PETITIONER'S NOTICE OF RELEVANT RECORD POSSESSION AND REQUEST
FOR ADDITIONAL RECORDS - 3

Petitioner to attempt to (re)obtain records from the state court clerks, [he] would not be able to maintain custody of these records as contemplated by the Court (ORDER, Dkt. 24, pg. 3, ¶3) due to the space limitations set forth above.

D). Petitioner believes the following records are relevant to the determination of claims and/or preliminary procedural issues, but are not included within the Respondent's Notice of Lodging and are not in the possession of the Petitioner:

1). [Certified] Register of Actions in Latah County Case Numbers CR-2000-00260; CV-2001-04272; SP-2001-0366 and CV-2013-1408.

2). [Certified] Register of Actions (Docket Entries) for Idaho Supreme Court Docket Numbers 27966; 31928; 39398; 42331 and 42182.

WHEREFORE, as requested within the Petitioner's Motion to Compel (Dkt. 19), Petitioner prays this Court compel the Respondents to disclose / provide all documents as identified within the Respondent's Notice of Lodging (Dkt. 14) to Petitioner on Compact Disc (CD), DVD or other electronic format not subject to, or would not otherwise exceed the space limitations of IDOC SOP 320.02.01.001. Petitioner would further his argument by agreeing to pay the cost of the CD/DVD or flash drive (medium) onto which these records would be copied.

Respectfully submitted this 8th day of June, 2017

Dale C. Shackelford
Petitioner, pro se

PETITIONER'S NOTICE OF RELEVANT RECORD POSSESSION AND REQUEST FOR ADDITIONAL RECORDS - 4

CERTIFICATE OF SERVICE

I hereby certify by my signature below that I have mailed (served) a true and correct copy of the foregoing PETITIONER'S NOTICE OF RELEVANT RECORD POSSESSION AND REQUEST FOR ADDITIONAL RECORDS upon the Respondent by placing the same in the custody of the institutional paralegal for mailing, postage pre-paid to:

Mr. L. LaMont Anderson
Deputy Attorney General
Capital Litigation Unit
P.O. Box 83720
Boise, ID 83720-0010

    Counsel for Respondent

On this 8th day of June, 2017

_____
Dale C. Shackelford
PETITIONER, pro se

CERTIFICATE OF SERVICE - 1