UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DALE CARTER SHACKELFORD,<br><br>               Petitioner,<br><br>v.<br><br>WARDEN RANDY BLADES,<br><br>               Respondent. | Case No. 1:15-cv-00020-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is an Amended Petition for Writ of Habeas Corpus filed by Idaho state prisoner Dale Carter Shackelford ("Petitioner"), challenging Petitioner's Latah County convictions of first-degree murder, arson, conspiracy, and preparing false evidence. Dkt. 9. Respondent has filed a Motion for Partial Summary Dismissal, arguing that Claims 2(a) and 5 through 10 are procedurally defaulted and that Claim 10 is not cognizable. Dkt. 17. The Motion is now ripe for adjudication.

The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by Respondent. Dkt. 14. *See* Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006).

Having carefully reviewed the record, including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order granting in part Respondent's Motion

for Partial Summary Dismissal and dismissing Claims 2(a), 5, 6, 7, 8, and 10 with prejudice.

## BACKGROUND

In a jury trial in the Second Judicial District Court in Latah County, Idaho, Petitioner was convicted of two counts of first-degree murder—for the murders of Donna Fontaine and Fred Palahniuk—one count of conspiracy to commit murder, one count of arson, one count of conspiracy to commit arson, and one count of preparing false evidence. Dkt. 9 at 1-2. He was sentenced to death on the two murder counts, a fixed life term for conspiracy to commit murder, fixed terms of 25 years for the arson and arson conspiracy counts, and a fixed five-year term for preparing false evidence, all sentences to be served concurrently. (State's Lodging A-15 at 3120-27.)

Pursuant to Idaho's unified procedures for capital cases, *see* Idaho Code § 19-2719, Petitioner filed a petition for state post-conviction relief, which was amended multiple times, while his direct appeal was stayed. (State's Lodging B-1 at 10-43, 194-230; B-3 at 476-542; B-4 at 756-823; B-12 at 2534-2642; B-13 at 2980-90; B-14 at 3183-3228.) The state district court granted Petitioner sentencing relief based on *Ring v. Arizona*, 536 U.S. 584 (2002),[1] thus ordering resentencing on the murder counts; the court denied Petitioner's remaining claims. (State's Lodging B-16 at 3569-3630.) The State and Petitioner both appealed.

---

[1] *Ring* held that, pursuant to the Sixth Amendment, a criminal defendant is entitled to have a jury—rather than a judge—find the aggravating factors necessary to render him eligible for the death penalty. 536 U.S. at 609.

The direct appeal and the appeals from the partial denial of Petitioner's post-conviction petition were consolidated. (State's Lodging C-1.) The Idaho Supreme Court issued an initial opinion; though the court later denied both parties' petitions for rehearing, the court did issue a substitute opinion that did not change the result. (*See* State's Lodging C-12; C-13; C-14; C-17; C-18; C-19.) The court affirmed Petitioner's convictions and non-capital sentences, affirmed the denial of Petitioner's guilt-phase post-conviction claims, and affirmed the grant of sentencing relief as to Petitioner's death sentences.[2] *State v. Shackelford*, 247 P.3d 582, 590-615 (Idaho 2010) (also found at State's Lodging C-19). The case was remanded for resentencing on the murder counts.

Petitioner, acting pro se, filed a second petition for post-conviction relief, which was stayed pending Petitioner's resentencing. (State's Lodging F-1 at 18-40, 100-06.)

The State decided not to seek the death penalty on resentencing. (State's Lodging D-1 at 14-20.) After a resentencing hearing, the trial court sentenced Petitioner to two fixed life sentences on the first-degree murder counts, to run consecutively with each other and with Petitioner's sentences on the other counts. (State's Lodging D-1 at 144-48.) Petitioner appealed the resentencing, and his attorney argued that (1) the judge should have recused himself from the resentencing, (2) Petitioner's rights under the

---

[2] Though the Idaho Supreme Court agreed with the initial post-conviction court that *Ring* required resentencing on the murder counts, its analysis was different. The lower court held that Petitioner's death sentences were unconstitutional under *Ring* because the judge, rather than a jury, weighed the aggravating and mitigating factors in determining whether to impose the death penalty. (State's Lodging B-16 at 3579-84.) The Idaho Supreme Court held that the sentences were unconstitutional under *Ring* because the jury did not find the statutory aggravating factors necessary to render Petitioner eligible for the death penalty. (State's Lodging C-19 at 40-43.)

Confrontation Clause were violated during resentencing, and (3) the resentencing court abused its discretion, under Idaho law, by considering certain victim impact evidence. (State's Lodging E-4.)

Petitioner then filed a pro se motion to augment his appellate brief in his resentencing appeal, stating that his appellate attorney chose not to include a supplemental claim that Petitioner was entitled to have a jury determine his sentence even though the State had chosen not to pursue the death penalty on remand. (State's Lodging E-5.) In that motion, Petitioner argued that a fixed life sentence could not be imposed unless a jury first found certain aggravating factors. (*Id.*)

The Idaho Supreme Court denied Petitioner's pro se motion (State's Lodging E-7) and affirmed Petitioner's consecutive fixed life sentences without addressing Petitioner's pro se supplemental claim. Petitioner's petition for rehearing was denied, but the Court again issued a substitute opinion that did not change the result. (State's Lodging E-11; E-12; E-13; E-14; E-15.)

In Petitioner's second post-conviction case, he moved to amend his petition. He also filed a third petition for post-conviction relief challenging his fixed life sentences on the first-degree murder counts. (State's Lodging F-2 at 182-223; G-1 at 6-9.) The state district court held a consolidated hearing in the two cases and, because the hearing had been based on the proposed amended petition in the second post-conviction case, granted Petitioner's motion to amend his second petition. (State's Lodging F-2 at 236-37; G-1 at

21-22.) The Idaho district court dismissed both post-conviction petitions in separate orders. (State's Lodging F-2 at 238-47; G-1 at 23-27.)

Petitioner appealed both dismissals, and the appeals were consolidated. (State's Lodging H-5.) Petitioner's counsel's motion to withdraw was granted, and Petitioner represented himself on appeal. (State's Lodging H-1 through H-5.) The Idaho Supreme Court affirmed the state district court and later denied a petition for rehearing. (State's Lodging H-10, H-13.)

In the instant federal habeas corpus petition, Petitioner asserts the following claims:

1.  Denial of choice of counsel during his pre-trial, trial, and initial sentencing proceedings;

2(a).  Insufficient evidence to establish Count VI of the Amended indictment [preparing false evidence];

2(b).  A violation of due process because the jury instructions failed to define "produced," which is an element of presenting false evidence in Count VI of the Amended Indictment;

3.  A violation of the *Ex Post Facto* Clause by failing to give a "*Holder*" instruction;[3]

4.  Denial of due process with regard to the conspiracy counts (Counts IV and V) because there was no instruction requiring the jury to unanimously agree on which overt acts were committed and by which co-conspirator (Counts IV and V);

---

[3] A *Holder* instruction was an instruction that the Idaho Supreme Court used to require in criminal cases where the evidence was circumstantial; that requirement has since been eliminated. *See State v. Humpherys*, 8 P.3d 652 (Idaho 2000), *overruling State v. Holder*, 594 P.2d 639 (Idaho 1979), and *State v. Randles*, 787 P.2d 1152 (Idaho 1990).

5.      Insufficient evidence to warrant the giving of Instruction 33, the aider and abettor instruction, which impermissibly shifted the burden of proof to require Shackelford prove an accomplice was not involved;

6.      The state's withholding of exculpatory evidence in violation of due process by failing to disclose a Diagnostic Imaging Report and x-rays stemming from the autopsy of Donna's body;

7.      Ineffective assistance of trial counsel for failing to investigate the bullet found in Donna's body, its "missing mass," and the existence of the x-rays;

8.      Denial of due process based upon prosecutorial misconduct during closing arguments when the prosecutor allegedly "vouched" for various witnesses;

9.      A Sixth Amendment violation because a jury did not find statutory aggravating factors that are allegedly required for a fixed life sentence; [and]

10.     Ineffective assistance of post-conviction counsel.

(Dkt. 17-1 at 5-6 (quoting Am. Pet., Dkt. 9, at 12-85).)[4]

The Court previously reviewed the Amended Petition and allowed Petitioner to proceed on his claims to the extent those claims "(1) are cognizable in a federal habeas corpus action, (2) were timely filed in this Court, and (3) were either properly exhausted in state court or subject to a legal excuse for any failure to exhaust in a proper manner." Dkt. 10 at 3.

Respondent now argues that Claim 2(a) and Claims 5 through 10 must be summarily dismissed.

---

[4] The Court uses Respondent's description of Petitioner's claims, as Petitioner does not object to that description.

**DISCUSSION**

**1.      Standard of Law Governing Summary Dismissal**

The Rules Governing § 2254 Cases ("Habeas Rules") authorize the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits," as well as those records subject to judicial notice, "that the petitioner is not entitled to relief in the district court." Habeas Rule 4; *see* Fed. R. Evid. 201(b); *Dawson*, 451 F.3d at 551 n.1. Where appropriate, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

**2.      Claim 10 Is Not Cognizable**

In Claim 10, Petitioner asserts that he received ineffective assistance of counsel during state post-conviction proceedings. Although, in limited circumstances, ineffective assistance of initial post-conviction counsel can constitute cause for the procedural default of a claim of ineffective assistance of trial counsel, *Martinez v. Ryan*, 566 U.S. 1, 9 (2012), there is no independent, federal constitutional right to the effective assistance of counsel during state post-conviction proceedings, *Pennsylvania v. Finley*, 481 U.S. 551, 554 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993). Thus, Claim 10 must be dismissed because it is not cognizable on federal habeas review.

### 3. Claims 2(a), 5, 6, 7, and 8 Are Procedurally Defaulted, and Petitioner Has Not Established Cause and Prejudice, or Actual Innocence, to Excuse that Default

#### A. *Procedural Default Standard of Law*

A habeas petitioner must exhaust his or her remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims at least in a petition seeking review before that court. *Id.* at 847. "Fair presentation" requires a petitioner to describe both the operative facts and the legal theories upon which the federal claim is based. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).

The mere similarity between a federal claim and a state law claim, without more, does not satisfy the requirement of fair presentation. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam). General references in state court to "broad constitutional principles, such as due process, equal protection, [or] the right to a fair trial," are likewise insufficient. *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). The law is clear that, for proper exhaustion, a petitioner must bring his federal claim before the state court by "explicitly" citing the federal legal basis for his claim. *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *as amended*, 247 F.3d 904 (9th Cir. 2001).

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear that the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. *Gray*, 518 U.S. at 161-62. Procedurally defaulted claims include those within the following circumstances: (1) when a petitioner has completely failed to raise a claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; and (3) when the Idaho courts have rejected a claim on an adequate and independent state procedural ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

### B.     *Claims 2(a), 5, 6, 7, and 8 Are Procedurally Defaulted*

i.     <u>Petitioner's "General Responses" Regarding Procedural Default</u>

Before the Court turns to the procedural default status of each of Petitioner's claims, it will address Petitioner's "General Response," offered in opposition to Respondent's Motion for Partial Summary Dismissal. Petitioner argues that Idaho's Uniform Post-Conviction Procedures Act ("UPCPA"), Idaho Code § 19-4901 *et seq*., is not consistently applied, or is not applied at all, in capital criminal cases such as Petitioner's. (*See* Dkt. 21 at 1-2.) This appears to be a broad argument that none of the procedural bars set forth in Idaho's UPCPA are adequate and independent grounds upon which to base a finding of procedural default.

It is true that a separate statutory section, found in Chapter 27 of Title 19 of the Idaho Code, applies to capital criminal proceedings. Section 19-2719 establishes Idaho's

unique and unified consolidated direct appeal/initial post-conviction appeal in capital cases. However, Petitioner is incorrect that the UPCPA, found in Chapter 49 of Title 19, has no application in the capital context.

In fact, the Idaho Supreme Court—the final authority on the interpretation of Idaho statutes—has held that § 19-2719's special procedures supersede the UPCPA in capital cases "only to the extent that they conflict." *Dunlap v. State*, 192 P.3d 1021, 1024 (Idaho 2008); *see also Sivak v. State*, 8 P.3d 636, 641 (Idaho 2000) ("Where I.C. § 19-2719 is silent, the [UPCPA] applies.") (internal citation omitted). Therefore, Petitioner's first general argument—that because his case was initially a capital case, none of the provisions of the UPCPA can constitute an adequate and independent state procedural ground—is without merit.

Petitioner also asserts, as a "general response," that the state court failed to timely resolve his post-conviction case in violation of its own statutory requirements. Dkt. 21 at 2. However, the length of time the state court took to resolve the case has nothing to do with whether Petitioner fairly presented his claims to that court.

Petitioner's final general response—that the Idaho Supreme Court did not adequately identify which claims were denied on procedural grounds and which were denied on the merits (*id*. at 3)—is incorrect as a factual matter. The state supreme court explained its rationale for its rejection of each of Petitioner's claims during each of his appeals. (*See* State's Lodging C-19, E-14, H-10.)

The Court now turns to the procedural default status of Claims 2(a), 5, 6, 7, and 8 and to Petitioner's specific arguments with respect to each of these claims. Respondent argues that the claims are procedurally defaulted. Petitioner disagrees, arguing that the claims are not procedurally defaulted either because (1) they were, in fact, fairly presented to the highest state court, or (2) the state procedural rules relied on by that court to reject the claims are not adequate and independent.

      ii.       <u>Claim 2(a)</u>

In Claim 2(a), Petitioner alleges that there was insufficient evidence to support his conviction for preparing false evidence because the state did not establish "evidence of fraudulent or deceitful intent." Dkt. 9 at 23 (emphasis omitted). Respondent argues that this claim was never raised to the Idaho Supreme Court. Dkt. 17-1 at 10. The Court agrees.

On direct appeal, Petitioner raised a claim with respect to the false evidence charge, but it centered on Jury Instruction No. 30. Petitioner alleged that the instruction lessened the prosecution's burden of proof, and violated Petitioner's right to a unanimous jury verdict, because that instruction failed to define the word "produced." (State's Lodging C-8 at 32, 41-43.) Petitioner's only mention of "insufficient evidence" was in an introductory paragraph to this section of the brief, which stated:

> The State charged, and the jury convicted, [Petitioner] of Preparing False Evidence. However, there was insufficient evidence to support the element that the evidence was produced in the State of Idaho or that [Petitioner] had any role in making the evidence available for legal proceedings.

(*Id*. at 41.)

Petitioner's single passing reference to "insufficient evidence" in this paragraph relates only to the use of the word "produced." Thus, with respect to the preparing false evidence charge, the only sufficiency-of-the-evidence claim that was fairly presented to the Idaho Supreme Court has to do with the meaning of "produced," not whether Petitioner had a fraudulent or deceitful intent in producing the false evidence. Because it is now too late to raise Claim 2(a) in state court, that claim is procedurally defaulted. *Gray*, 518 U.S. at 161-62.

> iii.   Claims 5 through 8

Respondent argues that Claims 5, 6, 7, and 8 are procedurally defaulted because the Idaho Supreme Court rejected each of them based on an adequate and independent state procedural ground.

> a)   *Adequate and Independent*

"To qualify as an adequate procedural ground, a state rule must be firmly established and regularly followed." *Walker v. Martin*, 562 U.S. 307, 316 (2011) (internal quotation marks omitted). That is, the state procedural bar must be one that is "'clear, consistently applied, and well-established at the time of the petitioner's purported default." *Martinez v. Klauser*, 266 F.3d 1091, 1093-94 (9th Cir. 2001) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)). A state procedural bar can be considered adequate even if it is a discretionary rule, even though "the appropriate exercise of discretion may permit consideration of a federal claim in some cases but not others." *Beard v. Kindler*, 558 U.S. 53, 61 (2009). A state rule's "use of an imprecise standard ...

is no justification for depriving a rule's language of any meaning." *Walker*, 562 U.S. at 318 (internal quotation marks and alteration omitted).

A state procedural bar is "independent" of federal law if it does not rest on, and if it is not interwoven with, federal grounds. *Bennett v. Mueller*, 322 F.3d 573, 581 (9th Cir. 2003) (en banc). A rule will not be deemed independent of federal law "if the state has made application of the procedural bar depend on an antecedent ruling on federal law such as the determination of whether federal constitutional error has been committed." *Id.* (internal quotation marks and alteration omitted); *see also Ake v. Oklahoma*, 470 U.S. 68, 75 (1985) (stating that "when resolution of the state procedural law question depends on a federal constitutional ruling, the state-law prong of the court's holding is not independent of federal law, and our jurisdiction is not precluded," and holding that a state waiver rule was not independent because, "[b]efore applying the waiver doctrine to a constitutional question, the state court must rule, either explicitly or implicitly, on the merits of the constitutional question").

Once the respondent sufficiently pleads the existence of an adequate and independent state procedural bar, the burden shifts to the petitioner to establish that the rule is not adequate or is dependent on federal law. "The petitioner may satisfy this burden by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule." *Bennett*, 322 F.3d at 586. The ultimate burden to show that the procedural rule is adequate and independent, however, remains with the state.

The Idaho Supreme Court declined to address Claims 5 through 8 on various

procedural grounds, which—as the Court concludes below—are all adequate and

independent.

1)      Claim 5

Claim 5 asserts that there was insufficient evidence to support Instruction No. 33,

the aider and abettor instruction. Dkt. 9 at 46. Petitioner raised this claim in his

successive post-conviction proceedings.[5] (State's Lodging F-2 at 190-200.) The state

district court rejected this claim both on procedural grounds and on the merits.[6] (State's

Lodging F-2 at 241-43.) The procedural ruling relied on two prongs: (1) to the extent

Claim 5 was raised in prior proceedings, it was barred by res judicata; and (2) to the

extent Claim 5 could have been raised in the prior proceedings, but was not, it was barred

---

[5] On direct appeal, Petitioner raised a different claim regarding Instruction No. 33—that the
instruction was ambiguous in the context of the indictment and the other jury instructions and
that Petitioner was not given adequate notice that he would be tried on an aiding-and-abetting
theory. (State's Lodging C-8 at 38-41.) Because this is not the same claim that Petitioner asserts
in Claim 5, Petitioner's arguments on direct appeal did not fairly present Claim 5 to the Idaho
Supreme Court. *See Rose v. Palmateer*, 395 F.3d 1108, 1112 (9th Cir. 2005) ("Here, although
[the petitioner's] Fifth Amendment claim is related to his claim of ineffective assistance, he did
not fairly present the Fifth Amendment claim to the state courts when he merely discussed it as
one of several issues which were handled ineffectively by his trial and appellate counsel. While
admittedly related, *they are distinct claims with separate elements of proof, and each claim
should have been separately and specifically presented to the state courts*.") (emphasis added).

[6] Petitioner claims that the "sole rationale" for the trial court's dismissal of this claim was on
procedural grounds. Dkt. 21 at 5. Petitioner is incorrect. The opinion of the post-conviction court
clearly stated, "Even were this Court to proceed to the merits, [Petitioner's] arguments are in
error" and went on to hold that there was, in fact, sufficient evidence to support the aider and
abettor instruction. (State's Lodging F-2 at 242-43.) This is an alternative ruling, not merely a
"hypothetical" one. Dkt. 21 at 5.

by statutory provisions found in the UPCPA. (*Id.*) *See* Idaho Code § 19-4901(b) (barring, as forfeited, post-conviction claims that could have been raised on direct appeal) and § 19-4908 (barring, as forfeited, successive post-conviction claims that could have been raised in previous post-conviction proceedings).

Petitioner appealed, nominally challenging both the procedural and merits-based rulings of the trial court. However, the state supreme court held this claim procedurally barred because Petitioner "offered no argument or authority" supporting his challenge to the trial court's decision to dismiss based on procedural grounds. (State's Lodging H-10 at 4-5.) A review of Petitioner's appellate brief shows that state court was correct. Although Petitioner stated he was challenging the res judicata ruling, he did not provide any authority to support his challenge, and Petitioner did not challenge the application of the UPCPA's forfeiture provisions at all. (State's Lodging H-7 at 5-10.)

The Idaho court rule requiring both argument and authority in appellate briefing, *see State v. Zichko*, 923 P.2d 966, 970 (Idaho 1996), has already been held to be an adequate and independent state procedural ground, *Zichko v. Idaho*, 247 F.3d 1015, 1021 (9th Cir. 2001). Petitioner has not explained any reason why the *Zichko* rule should no longer be considered adequate and independent. Therefore, Claim 5 is procedurally defaulted.

### 2) Claim 6

Claim 6 alleges that the prosecution violated *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose a diagnostic imaging report and x-rays from the autopsy of Donna's body. Dkt. 9 at 58-65. Petitioner raised this claim in his successive post-

conviction proceedings.[7] The trial court denied this claim on the merits and because the

claim could have been, but was not, raised in the previous consolidated appeal.[8] (State's

Lodging F-2 at 243-44.)

Petitioner raised this claim on appeal from the dismissal of Petitioner's successive

petitions. (State's Lodging H-7 at 11-16.) However, the Idaho Supreme Court held the

claim procedurally barred because Petitioner's brief did not challenge both the procedural

and merits-based grounds for the dismissal. (State's Lodging H-10 at 6.)

Where an Idaho trial court gives more than one independent basis for its decision,

"and the appellant challenges only one of those grounds on appeal," the Idaho appellate

courts will not review the merits of the appellant's claim. *Brown v. Greenheart*, 335 P.3d

1, 10 (Idaho 2014) (internal quotation marks omitted). This principle—which appears to

stem directly from the rule that an appellant must support his claims with argument and

authority—has been applied in state post-conviction appeals at least as far back as 1998,

long before Petitioner's post-conviction appellate proceedings began in 2014. *See*

*Henman v. State*, 966 P.2d 49, 51 (Idaho Ct. App. 1998) ("Thus, regardless of Henman's

---

[7] Petitioner raised some *Brady* claims in his first appeal—specifically, that the prosecution failed to disclose to the defense "peer review notes provided by Dr. John Howard concerning Dr. Cihak's 'guesstimate' of the time of the death based on stomach contents." (State's Lodging C-8 at 43-44.) This is different from the *Brady* claim asserted in the Amended Petition.

[8] Petitioner's contention that the trial court dismissed Claim 6 for the "sole reason" that it was not previously raised is incorrect. (Dkt. 21 at 6.) The trial court clearly stated that Petitioner's new *Brady* arguments "suffer from the same failure" as his previous *Brady* claims in that Petitioner "failed to show a reasonable probability of a different result." (State's Lodging F-2 at 243.) This is unquestionably a merits-based decision. That the court went on to hold that the claim was also procedurally barred does not erase the merits decision on that claim.

double jeopardy challenge, Henman failed to raise an issue concerning the district court's independent, alternative basis for dismissal under [*State v. Armstrong*, 904 P.2d 578 (Idaho Ct. App. 1995)]. Without argument or authority regarding this issue, we will not presume error and must uphold the district court's summary dismissal on this alternative ground.").

Petitioner has not come forward with any basis for the Court to conclude that this state procedural rule is not consistently applied or is dependent on federal law. Thus, Claim 6 is procedurally defaulted.

### 3) Claim 7

In Claim 7, Petitioner asserts that his trial counsel rendered ineffective assistance by in failing to investigate a bullet, including the bullet's "missing mass," and by failing to investigate x-rays. Dkt. 9 at 66-67. Petitioner raised this claim in his second post-conviction petition.[9] (State's Lodging F-2 at 209-211.) The state district court dismissed the claim because Petitioner did not explain why it was not raised in the prior consolidated appeal. *Id.* at 244.

Petitioner appealed the dismissal of this claim. (State's Lodging H-7 at 16-18.) However, his appellate brief's only reference to the trial court's ruling on Claim 7 was the following: "[Petitioner] counters with the arguments set forth in Claim G of this

---

[9] In Petitioner's initial post-conviction appellate proceedings, he raised other ineffective assistance claims—based on counsel's alleged lack of qualifications, failure to adequately impeach prosecution witnesses, and failure to adequately prepare defense witnesses—but he did not raise Claim 7. (State's Lodging C-8 at 46-51.)

appeal regarding ineffective assistance of [post-conviction] counsel in failing to raise this issue, as well [as] fundamental error which [Petitioner] has complained are of such magnitude and so fundamental to the right to due process ... that this court must intervene." (State's Lodging H-7 at 16 (emphasis omitted).) Petitioner cited no authority to support this contention, and the remainder of his opening appellate argument on Claim 7 focused on the merits.

The Idaho Supreme Court declined to address Claim 7 because Petitioner did not challenge the trial court's conclusion that the claim should have been raised in Petitioner's initial post-conviction appeal, pursuant to Idaho's successive petitions bar:

> [Petitioner] offers no explanation or excuse for not bringing this claim in his original post-conviction petition for relief. Nor does he challenge the legal basis of the district court's adjudication of this claim. His briefing merely reiterates the perceived merits of the substantive claim. Because [Petitioner] did not challenge the district court's legal basis for summary dismissal of this claim, we affirm its summary dismissal.

(State's Lodging H-10 at 7.)

In refusing to consider Claim 7, the Idaho Supreme Court reasonably concluded that Petitioner's short reference to the lower court's procedural ruling, which purported to incorporate other arguments, did not contain both argument and authority to constitute a proper appellate challenge to that ruling.[10] Although Petitioner contends that he did, in

---

[10] Petitioner asserts that he included argument, with respect to the procedural ruling on Claim 7, in his reply brief in the Idaho Supreme Court. (Dkt. 21 at 7.) However, that reply brief could not serve to fairly present Claim 7 because Idaho appellate courts do not consider arguments raised for the first time in a reply brief. *See, e.g., Myers v. Workmen's Auto Ins. Co.*, 95 P.3d 977, 990 (Idaho 2004) ("A reviewing court looks to the initial brief on appeal for the issues presented on

fact, raise Claim 7 in the trial court in his "second addendum to third amended petition for post-conviction relief" in the initial collateral proceedings (Dkt. 21 at 7 (capitalization omitted); *see also* State's Lodging B-14 at 3216-19), Petitioner was still required—on appeal—to provide both argument and authority when challenging the lower court's dismissal on procedural grounds. As the Court has already stated with respect to Claim 5, this procedural rule is adequate and independent. *See Zichko*, 247 F.3d at 1021. Therefore, Claim 7 is procedurally defaulted.

4)      Claim 8

Claim 8 asserts that the prosecutor committed misconduct by vouching for the credibility of certain witnesses. Dkt. 9 at 67-75. Petitioner initially brought this claim in his successive post-conviction proceedings. (State's Lodging F-2 at 211-18.) The trial court dismissed the claim both on the merits and because it should have been raised in prior proceedings.[11] (*Id.* at 244-45.)

Petitioner raised this claim to the Idaho Supreme Court when he appealed the dismissal of his second and third post-conviction petitions. (State's Lodging H-7 at 18-23.) However, although Petitioner's opening brief noted the lower court's procedural

---

appeal. Consequently, this Court will not consider arguments raised for the first time in the appellant's reply brief.") (internal quotation marks and citations omitted).

[11]      Petitioner contends that the trial court's "sole rationale" for dismissing his vouching claim was on the merits. (Dkt. 21 at 8.) This is incorrect; the trial court explicitly held (1) that the alleged vouching consisted of reasonable inferences from the evidence, did not prejudice Petitioner, and thus did not constitute a violation of Petitioner's constitutional rights (a merits-based holding) and (2) that Petitioner did not raise the vouching claim in his previous appeal (a procedure-based holding). (State's Lodging F-2 at 244-45.)

basis for dismissal, it did not actually challenge that ruling, stating, "Despite this [procedural ruling], the district court did discuss matters related to the merits of the claim"; the brief then went on to challenge that merits decision. (State's Lodging H-7 at 18.) Once again, the Idaho Supreme Court declined to consider the vouching claim because Petitioner did not address the trial court's alternative holding that the claim should have been raised in the previous appeal. (State's Lodging H-10 at 7.) Therefore, Claim 8 is procedurally defaulted for the same reason as Claim 6—because Petitioner failed to challenge the alternative basis for the trial court's decision. *See Brown*, 335 P.3d at 10; *Henman*, 966 P.2d at 51.

### C.      *Petitioner Is Not Excused from the Default of Claims 2(a), 5, 6, 7, or 8*

The Court's conclusion that Claims 2(a), 5, 6, 7, and 8 are procedurally defaulted does not end the inquiry. A federal district court can still hear the merits of a procedurally-defaulted claim, but only if the petitioner meets one of two exceptions: (1) a showing of adequate legal cause for the default and prejudice arising from the default, or (2) a showing of actual innocence, which means that a miscarriage of justice will occur if the constitutional claim is not heard in federal court. *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

Neither an assertion of cause and prejudice nor an assertion of actual innocence is an independent constitutional claim. Rather, these are federal *procedural* arguments that, if sufficiently established by a petitioner, allow a federal court to consider the merits of an otherwise procedurally-defaulted constitutional claim.

i.     <u>Petitioner Has Not Established Cause and Prejudice</u>

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray*, 477 U.S. at 488. To show "prejudice," a petitioner generally bears "the burden of showing not merely that the errors [in his proceeding] constituted a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

Cause for the default may exist as a result of ineffective assistance of counsel. For example, the failure on appeal to raise a meritorious claim of trial error—or the failure at trial to preserve a meritorious claim for appeal—may render that claim procedurally defaulted. *See Edwards v. Carpenter*, 529 U.S. 446, 452 (2000) ("[I]n certain circumstances counsel's ineffectiveness in failing properly to preserve the claim for review in state court will suffice."). However, for ineffective assistance of counsel ("IAC")—whether at trial or on direct appeal—to serve as cause to excuse a default, that IAC claim must itself have been separately presented to the state appellate courts. *Id.* ("A claim of ineffective assistance . . . generally must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.") (internal quotation marks and alteration omitted). If the IAC asserted as cause was not fairly presented to the state courts, a petitioner must show that an excuse for that separate default exists, as well. *Id.* at 453 ("[A]n ineffective-assistance-of-counsel claim asserted

as cause for the procedural default of another claim can itself be procedurally defaulted.").

A petitioner does not have a federal constitutional right to the effective assistance of counsel during state post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 554 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993). As a result, the general rule is that any errors of counsel during a post-conviction action cannot serve as a basis for cause to excuse a procedural default. *Coleman*, 501 U.S. at 752.

However, the Supreme Court established an exception to that general rule in *Martinez v. Ryan*, 566 U.S. 1 (2012). *Martinez* held that, in limited circumstances, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* at 9. *Martinez* does not apply to any claims other than claims of ineffective assistance of trial counsel ("IATC"). *See Davila v. Davis*, 137 S. Ct. 2058, 2063 (2017) (holding that *Martinez* does not apply to underlying claims of ineffective assistance of direct appeal counsel); *Hunton v. Sinclair*, 732 F.3d 1124, 1126-27 (9th Cir. 2013) (holding that *Martinez* does not apply to underlying *Brady* claims).

The Supreme Court has described and clarified the *Martinez* cause and prejudice test as consisting of four necessary prongs: (1) the underlying claim of ineffective assistance of trial counsel must be a "substantial" claim; (2) the "cause" for the procedural default consists of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding

was the "initial" collateral review proceeding where the IATC claim could have been brought[12]; and (4) state law requires that an IATC claim be raised in an initial-review collateral proceeding, or by "design and operation" such claims must be raised that way, rather than on direct appeal. *Trevino v. Thaler*, 569 U.S. 416, 423, 429 (2013). The failure to meet any of these four prongs means that the *Martinez* exception is unavailable to excuse the procedural default of a claim.

In his response to Respondent's Motion for Partial Summary Dismissal, Petitioner argues that cause and prejudice excuse the default of Claims 7 and 8. He invokes the *Martinez* exception with respect to in Claim 7, arguing that his initial post-conviction counsel rendered ineffective assistance in failing to adequately pursue this IATC claim. Dkt. 21 at 7. However, other than his bare invocation of *Martinez*, Petitioner offers no argument—and certainly no evidence—that Claim 7 is substantial or that Petitioner's initial post-conviction counsel rendered ineffective assistance with respect to this claim. (*Id.*) Thus, Petitioner has not satisfied either of the first two prongs of the *Martinez* test. *See Trevino*, 569 U.S. at 429.

As for Claim 8—the vouching claim—Petitioner asserts that he raised this claim not only in his successive petition, but also in his *initial* post-conviction proceedings, "albeit in a later (amended) filing." Dkt. 21 at 8. Petitioner does not provide a citation to

---

[12] The *Martinez* exception applies only to claims that were defaulted in the initial-review collateral proceeding. A petitioner may not use, as cause to excuse a default, any attorney error that occurred in "appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts." *Martinez*, 566 U.S. at 16.

the record to support his assertion, and the Court has found no such document in its review of the state court record. Because Claim 8 is not an IATC claim, any failure of Petitioner's initial post-conviction counsel to adequately present or preserve the claim does not excuse Claim 8 from default. *Martinez v. Ryan*, 566 U.S. at 9; *Davila*, 137 S. Ct. at 2063; *Hunton*, 732 F.3d at 1126-27.

Moreover, even assuming that Petitioner did raise Claim 8 in his initial post-conviction petition, he did not raise it on appeal from the trial court's dismissal of that petition. And ineffective assistance of post-conviction *appellate* counsel cannot constitute cause to excuse a procedural default, even of an IATC claim. *Martinez v. Ryan*, 566 U.S. at 16 (holding that the *Martinez* exception does not apply to attorney error occurring in "appeals from initial-review collateral proceedings").

Petitioner's final argument with respect to Claim 8—that the Idaho Supreme Court's decision was ambiguous as to the basis for rejecting the claim—is factually inaccurate. The Court plainly held that Petitioner had failed to challenge both the procedural and merits-based decisions of the trial court. (*See* State's Lodging H-10 at 7 ("Again, [Petitioner] fails to offer explanation or excuse for not bringing this claim in his original post-conviction action.... Because [Petitioner] did not challenge the district court's alternative basis for summary dismissal of this claim, we affirm its summary dismissal." (citing *Brown*, 335 P.3d at 10)).

For the foregoing reasons, Petitioner has not established cause and prejudice to excuse the default of Claims 2(a), 5, 6, 7, or 8.

ii.	Petitioner Has Not Established That He Is Actually Innocent so as To Satisfy the Miscarriage-of-Justice Exception

To establish entitlement to the actual innocence exception to procedural default, a petitioner must show that he is factually innocent, not merely that the evidence was legally insufficient to support a conviction. *Bousley v. United States*, 523 U.S. 614, 623 (1998). In asserting actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A procedurally defaulted claim may be heard under the miscarriage-of-justice exception only if "in light of all of the evidence, 'it is more likely than not that no reasonable juror would have found [Petitioner] guilty beyond a reasonable doubt.'" *United States v. Avery*, 719 F.3d 1080, 1083 (9th Cir. 2013) (quoting *Schlup*, 513 U.S. at 327). Stated another way, it must be more likely than not that *every* reasonable juror would vote to acquit.

This is an extremely demanding standard that "permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006). A court considering whether a petitioner has established actual innocence must consider "all the evidence, old and new, incriminating and exculpatory, admissible at trial or not." *Lee v. Lampert*, 653 F.3d 929, 938 (9th Cir. 2011) (en banc) (internal quotation marks omitted). The actual innocence analysis "does not turn on discrete findings regarding disputed points of fact, and '[i]t is not the district court's independent judgment as to whether reasonable doubt exists that the standard addresses.'" *House v. Bell*, 547 U.S. 518, 539-40 (2006) (quoting

*Schlup*, 513 U.S. at 329 (alteration in original)). Rather, the court must "make a probabilistic determination about what reasonable, properly instructed jurors would do." *Schlup*, 513 U.S. at 329.

When a district court is considering an actual innocence gateway argument, it has the discretion to assess the reliability and probative force of the petitioner's proffer, including making some credibility determinations, if necessary. *Schlup*, 513 U.S. at 331-332. Although "habeas petitioners who assert convincing actual-innocence claims [need not] prove diligence to cross a federal court's threshold," a court "'may consider how the timing of the submission and the likely credibility of a petitioner's affiants bear on the probable reliability of evidence of actual innocence.'" *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1935 (quoting *Schlup*, 513 U.S. at 332) (alterations omitted).

Petitioner has not submitted any new, credible evidence that he is actually innocent. Therefore, the procedural default of Claims 2(a), 5, 6, 7, and 8 is not excused.

**4.      Claim 9 Is Not Procedurally Defaulted**

In Claim 9, Petitioner contends that his fixed life sentences for murder violate the Constitution because a jury was required to determine the facts that rendered Petitioner eligible for fixed life imprisonment. Respondent argues that this claim is procedurally defaulted. The Court disagrees.

Petitioner twice attempted to raise Claim 9 in state court. First, he raised it on appeal from his resentencing hearing. Petitioner read his attorney's appellate brief and discovered that Claim 9 had been omitted. Therefore, he filed a motion to augment the brief with Claim 9 and argued the merits of that claim. (State's Lodging E-5.) The Idaho

Supreme Court denied the motion and did not address the claim. (State's Lodging E-7, E-11.) When Petitioner again tried to raise this claim in his successive post-conviction appeal, the Idaho Supreme Court denied the claim both on the merits and because it was not presented by Petitioner's attorney in the resentencing appeal. (State's Lodging H-7 at 8-9.)

In *Clemmons v. Delo*, the petitioner raised a *Brady* claim in his state post-conviction petition, but his appellate post-conviction counsel did not raise that claim on appeal. Counsel did not include the claim in the appellate briefing despite the fact that the petitioner "specifically stated [to his attorney] that he wanted all of his issues preserved" and that the petitioner—after the brief was filed without including all of Clemmons's issues—instructed counsel to file a supplemental brief. *Id.* 124 F.3d 944, 948 (8th Cir. 1997). The petitioner also specifically notified counsel that "issues not raised would later be held not to have been properly presented." *Id.* Counsel responded that the decision on which claims to raise was correct, stating that he had "made every argument on [the petitioner's] behalf that [he] felt could be supported by law and evidence." *Id.* Clemmons then filed a motion with the Missouri Supreme Court, asking that he be allowed to file a supplemental pro se brief, informing the court that counsel had not included all of the claims the petitioner had requested. The court denied the motion.

In federal habeas proceedings, Clemmons asserted the *Brady* claim. He then faced an argument that the *Brady* claim was procedurally defaulted because it had not been fairly presented to the highest state court. The Eighth Circuit held that Clemmons had

fairly presented the issue, despite counsel's failure to include it in counsel's brief,

because Clemmons "did the only thing he could do: he tried to bring the issue to the

attention of the Missouri Supreme Court himself." *Id.* Because there was nothing more he

could have done "as a practical matter," to present that claim, the claim was not

procedurally defaulted. *Id.* at 948-49; *see also Veenstra v. Smith*, No. 1:11-CV-00632-

BLW, 2014 WL 1270626, at *16 (D. Idaho Mar. 26, 2014) ("[T]o fairly present claims in

a circumstance where the petitioner disagrees with counsel's narrowing of claims, a

petitioner must take steps on his own, such as seeking leave of court to introduce a

supplemental pro se filing containing the additional claims counsel refused to present.").

The Ninth Circuit considered and then distinguished *Clemmons* in *Custer v. Hill*,

378 F.3d 968 (9th Cir. 2004). In that case, Custer's attorney did not raise an ineffective

assistance claim in the petition for review in the Oregon Supreme Court, which was

required for proper exhaustion. *Id.* at 974. In federal habeas proceedings, Custer relied on

*Clemmons* in arguing that he fairly presented his ineffectiveness claim to the state's

highest court by "request[ing] and receiv[ing] permission from the Oregon Court of

Appeals [the intermediate court of appeals] to file a pro se brief" asserting that claim. *Id.*

at 974-75.

The court rejected Custer's argument that his action during post-conviction

appellate proceedings fairly presented the claim to the Oregon Supreme Court. Although

Custer "did take personal action to bring the ineffective assistance of counsel claim to the

attention of the *Oregon Court of Appeals* by requesting to file a pro se brief ... he did not

take similar action with regard to the *Oregon Supreme Court*, the court in which the issue must be raised to be preserved." *Id.* at 975 (emphasis added). Because Custer did not attempt to present the issue to the highest state court, that claim was not properly exhausted and was procedurally defaulted.

With respect to the Idaho Supreme Court's denial of Petitioner's pro se motion, in which he presented Claim 9, Petitioner's case is much more like *Clemmons* than *Custer*. On the direct appeal from Petitioner's resentencing, where he received two fixed life sentences for murder, his attorney did not raise Claim 9—that the jury was required to find aggravating factors necessary to render Petitioner eligible for a fixed life sentence. (State's Lodging E-5.) Petitioner then filed his pro se motion arguing Claim 9, but the Idaho Supreme Court denied the motion.[13] (State's Lodging E-7.) Therefore, following counsel's failure to include the issue in the appellate briefing, Petitioner "did the only thing he could do: he tried to bring the issue to the attention of the [Idaho] Supreme Court

---

[13] Strangely, although Respondent acknowledges that Petitioner filed his pro se motion arguing Claim 9 on appeal from resentencing, in the very next paragraph Respondent directly contradicts himself, contending that Petitioner "failed to raise ... the ... issue[]" ... directly with the Idaho Supreme Court, even in a pro se pleading." Dkt. 17-1 at 21. Clearly, Petitioner *did* raise the issue directly with the Idaho Supreme Court. The Court assumes that Respondent's mistaken statement stemmed from an error in failing to proofread the brief, perhaps after language had been copied-and-pasted from another source. The Court also assumes that Respondent's counsel will be more careful in future briefing.

Moreover, the Court declines to consider Respondent's assertion that Petitioner did not raise, and thus defaulted, Claim 9 in the *trial* court during resentencing proceedings (*id.*), because the Idaho Supreme Court presumably denied Petitioner's pro se motion regarding Claim 9 on the basis argued by Respondent at that time—that Petitioner was not entitled to hybrid representation (State's Lodging E-6)—not because Claim 9 was forfeited in the trial court. *See Gray*, 518 U.S. at 165-66 ("[T]he Commonwealth [was] obligated to raise procedural default as a defense, or lose the right to assert the defense thereafter.").

himself." *Clemmons*, 124 F.3d at 948. Therefore, Claim 9 is not procedurally defaulted, and the Court will deny Respondent's Motion for Partial Summary Dismissal with respect to that claim.[14]

That the Idaho Supreme Court refused to consider Claim 9 on appeal from resentencing, however, does not negate the fact that it later rejected that claim on the merits, after Petitioner raised it on appeal from the dismissal of his second and third post-conviction petitions. In accordance with *Clemmons*, the Court will disregard the state court's procedural ruling that Petitioner did not raise the claim on appeal from resentencing. However, because that same court later issued a merits decision on Claim 9, the claim remains subject to AEDPA's deferential standard of review under 28 U.S.C. § 2254(d). *See Apelt v. Ryan*, 878 F.3d 800, 825 (9th Cir. 2017) ("[W]hen a state court 'double-barrels' its decision—holding that a claim was procedurally barred and denying the claim on its merits—both its procedural default ruling and its merits ruling are entitled to deferential review by federal courts, as intended by AEDPA.").

## CONCLUSION

For the reasons set forth above, Claim 10 is not cognizable, Claims 2(a), 5, 6, 7, and 8 are procedurally defaulted without an adequate excuse for the default, and Claim 9

---

[14] The Court expresses no opinion on Petitioner's attorney's decision to omit Claim 9 from the appellate briefing. An attorney's failure to raise an issue on appeal rarely constitutes deficient performance; indeed, "[e]xperienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983). The Court merely concludes that Petitioner's pro se motion arguing Claim 9, filed after his appellate attorney did not include the claim, fairly presented the claim to the Idaho Supreme Court.

is not procedurally defaulted. Therefore, Respondent's Motion for Partial Summary Dismissal will be granted in part.

## ORDER

**IT IS ORDERED:**

1.      Respondent's Motion for Partial Summary Dismissal (Dkt. 17) is GRANTED IN PART. Claims 2(a), 5, 6, 7, 8, and 10 are DISMISSED with prejudice.

2.      Respondent must file an answer to the remaining claims within 60 days of the date of this Order. Petitioner may file a reply (formerly called a traverse), containing a brief rebutting Respondent's answer and brief, which must be filed and served within 30 days after service of the answer and brief. Respondent has the option of filing a sur-reply within 14 days after service of the reply. At that point, the case will be deemed ready for a final decision.

DATED: March 29, 2018

David C. Nye
U.S. District Court Judge